USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/20/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF AMERICA,

                Plaintiff,

            v.

MATTHEW MALAFA,

                Defendant.

21 Civ. 2935

**STIPULATED PRELIMINARY INJUNCTION ORDER**

      It is hereby stipulated and agreed by and between the undersigned attorneys of record for plaintiff Teachers Insurance and Annuity Association of America ("TIAA" or "Plaintiff") and Matthew Malafa ("Defendant"), that Plaintiff's motion for a preliminary injunction, filed on April 8, 2021, shall be resolved as follows:

      1.     Defendant is enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee, and/or representative of Charles Schwab & Co., Inc. ("Schwab"), from doing any of the following:

          (a)     Initiating contact with, soliciting, diverting, or attempting to solicit or divert any client of TIAA (other than Defendant's family members) with whom Defendant had Material Contact (as defined by ¶ 8(a)(i) and (ii) of the Voluntary Separation and Release Agreement between the parties[1]), for the purpose of having such Client terminate, cancel,

---

[1] Paragraph 8(a)(i) defines "Client" as "any individual or institutional client that is doing business with TIAA, and any prospective individual or institutional client that is the subject (in whole or part) of a written or verbal bid, strategy, or proposal by TIAA or of demonstrable preparations by TIAA to pursue a bid, strategy, or proposal." Paragraph 8(a)(ii) defines "Material Contact" as "(A)

1

withdraw, reduce, diminish or limit, in any manner, such client's relationship with TIAA;

(b) Using, disclosing, or transmitting for any purpose, any Confidential Information (as defined by ¶ 6 of the Voluntary Separation and Release Agreement[2]); and

(c) Retaining, in any form, including without limitation original, copied, computerized, handwritten or any other form, any Confidential Information.

2. Within 3 business days of the entry of this Order, Defendant shall (i) identify to TIAA's counsel all TIAA clients with whom he initiated contact after November 2, 2020 and (ii) confirm to TIAA's counsel that all Confidential Information he retained following his departure from TIAA, including without limitation, the business cards for TIAA's clients and the photos of contact information for TIAA clients on his phone, have been destroyed and/or purged.

3. Nothing contained herein shall be deemed to enjoin or prohibit Defendant from responding to any client-initiated contacts to Defendant, or from processing account transfer requests or doing business with any TIAA clients that may transfer their accounts.

4. Defendant shall keep a contemporaneous log of all TIAA clients indicating the client's name, date of communication, and whether such communication was in person,

---

engaging in communications with the Client about the Client's actual or prospective business relationship with TIAA; (B) supervising or coordinating the Client's business dealings with TIAA; or (C) obtaining or learning Confidential Information from or about the Client as a result of your association with TIAA."

[2] Paragraph 6 defines "Confidential Information" as information and materials that are non-public, and/or that are proprietary, and/or that constitute trade secrets of TIAA." Confidential Information shall not include information provided by a Client to Malafa.

by phone, by letter or by electronic communication. This paragraph excludes communications occurring with any TIAA clients after such client has opened an account at Schwab.

5.  The terms of this Stipulated Preliminary Injunction shall become effective immediately upon entry by the Court and shall supersede and replace the terms of the temporary restraining order entered by the Court on April 8, 2021 (the "TRO"). The TRO shall remain in full force and effect until the entry of this Stipulated Preliminary Injunction by the Court.

6.  This Stipulated Preliminary Injunction shall remain effective through November 2, 2022, unless terminated earlier and/or further extended by Court order or written agreement of the parties.

7.  By agreeing to this Stipulated Preliminary Injunction, Defendant does not waive any arguments or defenses, substantive or procedural, nor shall this Stipulated Preliminary Injunction constitute an admission of any wrongdoing.

Dated: April 19, 2021

| Kent, Beatty & Gordon, LLP | Westerman Ball Ederer Miller Zucker & Sharfstein, LLP |
|---|---|
| /s/ Joshua Katz | /s/ Philip Campisi |
| Jack A. Gordon<br>Joshua B. Katz<br>Eleven Times Square<br>New York, New York 10036<br>(212) 421-4300<br>jag@kbg-law.com<br>jbk@kbg-law.com | Philip J. Campisi, Jr.<br>201 RXR Plaza<br>Uniondale, New York 11556<br>(516) 622-9200 Ext: 406<br>pcampisi@westermanllp.com<br><br>*Attorney for Defendant Matthew Malafa* |

- and –

Christopher C. Coss (*pro hac vice* application
to be submitted)
Coss & Momjian, LLP
111 Presidential Boulevard, Suite 214
Bala Cynwyd, Pa. 19004
(610) 667-6800
(610) 667-6620 (fax)
ccc@cossmomjian.com

*Attorneys for Plaintiff Teachers Insurance
and Annuity Association of America*

SO ORDERED:

_____   4/20/2021
Hon. Valerie Caproni