UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/11/2021

TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF AMERICA,

Plaintiff,

v.

MATTHEW MALAFA,

Defendant.

21 Civ. 2935

**STIPULATED PERMANENT INJUNCTION ORDER**

It is hereby stipulated and agreed by and between the undersigned attorneys of record for plaintiff Teachers Insurance and Annuity Association of America ("TIAA" or "Plaintiff") and Matthew Malafa ("Defendant"), as follows:

1. Through and including November 2, 2022, Defendant is enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee, and/or representative of Charles Schwab & Co., Inc. ("Schwab"), from doing any of the following:

   (a) Initiating contact with, soliciting, diverting, or attempting to solicit or divert any client of TIAA (other than Defendant's family members) with whom Defendant had Material Contact (as defined by ¶ 8(a)(i) and (ii) of the Voluntary Separation and Release Agreement between the parties[1]), for the purpose of having such Client terminate, cancel,

---

[1] Paragraph 8(a)(i) defines "Client" as "any individual or institutional client that is doing business with TIAA, and any prospective individual or institutional client that is the subject (in whole or part) of a written or verbal bid, strategy, or proposal by TIAA or of demonstrable preparations by TIAA to pursue a bid, strategy, or proposal." Paragraph 8(a)(ii) defines "Material Contact" as "(A)

1

     withdraw, reduce, diminish or limit, in any manner, such client's relationship with TIAA;

  (b) Using, disclosing, or transmitting for any purpose, any Confidential Information (as defined by ¶ 6 of the Voluntary Separation and Release Agreement[2]); and

  (c) Retaining, in any form, including without limitation original, copied, computerized, handwritten or any other form, any Confidential Information.

2. Nothing contained herein shall be deemed to enjoin or prohibit Defendant from responding to any client-initiated contacts to Defendant, or from processing account transfer requests or doing business with any TIAA clients that may transfer their accounts.

3. Defendant shall keep a contemporaneous log of all TIAA clients indicating the client's name, date of communication, and whether such communication was in person, by phone, by letter or by electronic communication. This paragraph excludes communications occurring with any TIAA clients after such client has opened an account at Schwab.

4. The terms of this Stipulated Permanent Injunction shall become effective immediately upon entry by the Court and shall supersede and replace the terms of the stipulated preliminary injunction entered by the Court on April 16, 2021. The preliminary

---

engaging in communications with the Client about the Client's actual or prospective business relationship with TIAA; (B) supervising or coordinating the Client's business dealings with TIAA; or (C) obtaining or learning Confidential Information from or about the Client as a result of your association with TIAA."

[2] Paragraph 6 defines "Confidential Information" as information and materials that are non-public, and/or that are proprietary, and/or that constitute trade secrets of TIAA." Confidential Information shall not include information provided by a Client to Malafa.

2

injunction shall remain in full force and effect until the entry of this Stipulated Permanent Injunction by the Court. This Order is issued without the need for a bond and the clerk of the court is ordered to release to TIAA the security it previously posted in connection with the temporary restraining order issued on April 8, 2021.

5. Although the parties intend to dismiss this action with prejudice, and with parties to bear their own attorneys' fees and costs, the Court shall have sole and exclusive jurisdiction to enforce this Order.

6. This Stipulated Permanent Injunction does not constitute an admission of any wrongdoing.

| | |
|---|---|
| Kent, Beatty & Gordon, LLP | Westerman Ball Ederer Miller Zucker & Sharfstein, LLP |
| *[signature]* | *[signature]* |
| Jack A. Gordon<br>Joshua B. Katz<br>Eleven Times Square<br>New York, New York 10036<br>(212) 421-4300<br>jag@kbg-law.com<br>jbk@kbg-law.com | Phil Campisi<br>201 RXR Plaza<br>Uniondale, New York 11556<br>(516) 622-9200 Ext: 406<br>pcampisi@westermanllp.com<br><br>*Attorney for Defendant Matthew Malafa* |
| - and – | |
| Christopher C. Coss<br>Coss & Momjian, LLP<br>111 Presidential Boulevard, Suite 214<br>Bala Cynwyd, Pa. 19004<br>(610) 667-6800<br>(610) 667-6620 (fax)<br>ccc@cossmomjian.com | |
| *Attorneys for Plaintiff Teachers Insurance and Annuity Association of America* | |

3

SO ORDERED:

_Valerie Caproni_  8/11/2021
Honorable Valerie E. Caproni